Anthony Di Giovanna, J.
This article 78 proceeding brings up for review an order of the State Rent Administrator which denied the landlord a certificate of eviction, which would authorize it to remove the tenant’s apartment from the rental market.
The building in question consists of a store on the main floor, an apartment above the store, which has been kept vacant by the landlord for about five years, and the subject apartment on the top floor. The store is occupied by a large retail shoe chain store under a long-term lease, which lease calls for $11,000 a year rental. The total income from the building permits the landlord to operate on a profitable basis.
The landlord in this proceeding seeks only to remove the existing tenant’s low-rent apartment from the rental market and will continue to rent the commercial portion of the building. The commission withheld such approval because (a) the landlord admitted he did not intend to withdraw the entire structure from the rental market, but would continue to rent the com *990 mercial part of the building, and (b) landlord’s “ hardship ” was based on his desire to rid himself of the residential tenant whom he considers as a burden and responsibility simply because the rent from the tenant’s apartment, considered as a separate item from all other income of the building, did not yield a profit.
Landlord contends that the statute permits him to withdraw housing accommodations from the rental market and that he has an absolute right to do so, subject only to producing objective evidence of his good faith and genuine desire to do so. He contends that his declared intentions have been adequately proven. Landlord further contends that the regulation is inconsistent with the language of the statute and, therefore, invalid. Subdivision 4 of section 10 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) provides that a landlord who seeks to remove tenant-occupied housing accommodations from the rental market, thereby • requiring tenants to vacate, may do so only after prior written approval of the State Rent Commission. Section 59 of the State Rent and Eviction Regulations provides for such approval where a landlord establishes, by valid objective standards (Matter of Asco Equities v. McGoldrick, 285 App. Div. 381, affd. 309 N. Y. 738), that he in good faith seeks to withdraw the building without any intent to rent or sell all or any part of the land and structure.
A reading of subdivision 4 of section 10 of the act in context and the language of section 59 of the regulations promulgated by the commission to implement the statutory mandate, would seem to contemplate only the withdrawal of an entire structure from both the residential and nonresidential rental markets.
None of the cases cited by either of the parties has decided the question directly raised in this proceeding as to whether or not a landlord can withdraw the residential part of a building and continue to rent the nonresidential part. All the cases cited have been decided on the issue of the good faith of the landlord in the light of the circumstances and conditions in those particular cases. Only where the continued operation of the housing accommodations would impose undue hardship upon him was relief granted.
In determining good faith, the landlord should not be permitted to disregard commercial income from an otherwise profitable venture to establish that the continued operation of the housing accommodations would impose undue hardship upon him. Actually, the admitted fact is that the building is yielding a substantial profit to the landlord. Thus, the net *991 result of withdrawing the tenant’s apartment from the rental market would not he to relieve the landlord of an alleged undue hardship, but rather to add to the landlord’s already profitable return from the operation of the building. On the present record, it cannot be said that the determination under review is arbitrary, capricious or unreasonable. Accordingly, the motion is denied and the petition is dismissed.