Aron Stetter, J.
The Young Women’s Christian Association (hereinafter referred to by its familiar initials) has purchased the Capitol Hotel. It seeks to evict petitioners, statutory tenants of the hotel prior to its acquisition by Y. W. C. A. Respondent, State Rent Administrator, has granted certificates of eviction pursuant to subdivision 3 of section 59 of the State Rent and Eviction Regulations, which provides that any charitable institution which requires the accommodations for its own use in connection with its charitable purposes may obtain the same.
There is no doubt that the Y. W. C. A. is a nonprofit charitable organization. It now operates the hotel building to provide housing for women and girls. The accommodations are available only to members of the Y. W. C. A., but any woman can become a member on payment of a nominal fee. The purpose is not to obtain revenue but to make the residents conform to the rules of the society.
Petitioners contest the determination of respondent on three grounds. The first is that the reason advanced for evicting them is that the Y. W. C. A. claims that it is very difficult to maintain and manage accommodations for women if men are occupying apartments in the building. Petitioners point out that a men’s club is being allowed to retain its space. This would present an issue of good faith. The issue was presented to the Administrator and when the location of the space occupied by the club is considered, his determination is supported by the evidence and is not to be disturbed.
*461 The second ground is that the Y. W. O. A. maintains several buildings in the city for similar purposes and there are vacancies in these buildings. These facts present no issue. An applicant who qualifies under section 59 does not have to show a need for the particular premises but only that it intends to devote them to its use.
The last ground is the one that makes this proceeding unusual and presents an arguable question. The service being performed by the charitable institution is renting living quarters on both a permanent and transient basis. The occupants, the so-called beneficiaries of the charity, pay a rental. In order to fill the rooms, the Y. W. C. A. advertises through various media to attract prospective roomers. In this advertising the prospective roomers are not appealed to on the basis that they are recipients of charity, but that they will get more in the way of accommodations for their money than they would at other hotels. The appeal is strictly competitive. It would therefore appear that the Y. W. C. A. is providing housing accommodations in competition with the regular commercial sources, and petitioners claim that this is not the charitable use or purpose contemplated by the statute and, in fact, tends to defeat some of the purposes of the rent laws.
This, however, shows only one side of the picture. The purpose of the Y. W. C. A. is to provide a place where women, particularly young women visiting the city, may obtain accommodations free from such influences as might render similarly priced rooms questionable. It might be claimed that the emancipated situation of women today tends to make the charitable or protective feature of this service an anachronism and the service merely an advantage to a sector of the population which is thereby favored. The validity of the argument cannot be tested in a proceeding of this nature. The Y. W. C. A. is recognized as a charity entitled to solicit contributions. The function in question is well known and one of its major activities. It is not to be expected that the respondent would challenge the nature of that activity when it has both public approval and governmental authorization. Nor can the court overrule this general acquiescence.
Motion denied.