## (June 28, 1960)

■ In the Matter of LEWIS A. ROSEN, Appellant, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.

APPEAL from a final order of the Supreme Court at Special Term, entered February 26, 1960, in New York County, which dismissed a petition under article 78 of the Civil Practice Act to annul respondent's determination denying certificates of eviction and to direct the issuance thereof.

MEMORANDUM BY THE COURT. Order, dated February 26, 1960, dismissing petition affirmed, with $20 costs and disbursements to respondent. Appellant, the owner of two old law tenements that have been operated as a single unit, seeks to review the action of the State Rent Administrator in refusing to issue certificates of eviction for the removal of the residential tenants in said·buildings. In addition to the residential apartments, the buildings in question contained three stores. Claiming that substantial violations had been placed on the structures by the Buildings Department which could only be removed at a prohibitive cost, the owner applied pursuant to section 59 of the State Rent and Eviction Regulations, to withdraw the residential portions of the buildings from the rental market. The stores were to be continued to be rented. The landlord's application was rejected by the Administrator on the grounds (1) that the owner is not permitted under section 59 of the regulations to remove only the residential tenants while continuing the commercial tenants, and (2) that the landlord's claim of economic hardship is refuted by failure to apply to the City of New York for tax abatement. In *Matter of New Year Realty Corp. v. Herman* (11 A D 2d 643), this court held that it was erroneous on the part of the Administrator to assume that landlord's failure to seek tax abatement barred the granting of an application under section 59. However, it was sufficient to warrant a denial of the landlord's application that leave was being sought to withdraw only the residential part of the buildings while continuing to rent the commercial portions. To qualify under section 59 there must be proof of good faith to withdraw the entire building without any intent to rent or sell all or any part of the land or structure. (*Mercantile Enterprises v. Weaver*, 3 Misc 2d 989, affd. 3 A D 2d 932, affd. 4 N Y 2d 375; *Suppus v. Bradley*, 278 App. Div. 337.) Under the circumstances, the Administrator properly refused to grant the certificates of eviction.

STEVENS, J. (dissenting). I dissent and vote to reverse and grant the application. In my view this case can be distinguished from *Matter of Mercantile Enterprises v. Weaver* (3 Misc 2d 989, affd. 3 A D 2d 932, affd. 4 N Y 2d 375). In that case the premises consisted of a store on the ground floor which paid a yearly rental of $11,000, without services, an apartment on the second floor which had been vacant for five years, and the subject apartment on the third floor. There were no violations on the building, nor was the landlord facing possible criminal action; he merely wished to be rid of the housing tenant. The court found an absence of good faith, and in refusing to permit such partial withdrawal pointed out, " The net result of withdrawing the tenant's apartment from the rental market would not be to relieve the landlord of an alleged undue hardship, but rather to add to the landlord's already profitable return from the building."

In the case before us there is no question of the landlord-executor's good faith. He has been convicted of misdemeanors and offenses by reasons of the violations and faces further possible criminal prosecution. The cost of removal of the violations is substantial, in one view approximating over one half of the assessed valuation of the houses, and in the other exceeding such valuation by approximately $10,000. The three stores on the ground floor of the premises yield approximately $1,485.60 above the present real estate taxes, much of which would probably be absorbed by other expenses. One store is on long-term lease. To require continuation of operation at the risk of criminal penalties, withdrawal at the risk of civil suit, or removal of the violations at prohibitive cost, seems to go beyond the legitimate scope of section 59 of the regulations. As construed a penalty is imposed for withdrawal, and risk of criminal liability for continued operation.

Botein, P. J., Valente and Bergan, JJ., concur in Memorandum; Stevens, J., dissents and votes to reverse and annul.

Order, dated February 26, 1960 dismissing petition affirmed, with $20 costs and disbursements to respondent, etc.