Irving H. Saypol, J.
Petitioner moves for judgment (CPLR, art. 78) setting aside an order and determination denying its protest of the denial of its application for certificates of eviction made pursuant to sections 54 and 59 of the Rent, Eviction, and Rehabilitation Regulations.
The petitioner, New York University, operates Brittany Hall (formerly Brittany Hotel) as residential premises under a lease from the Dormitory Authority of the State of New York. The lease runs to July 1, 2000. The building contains 157 apartments; 139 are now occupied by students on a nonprofit basis, 13 are controlled, the remaining 5 apartments are decontrolled and the subject of a final order in summary proceedings. There are two commercial tenants on the ground floor with, leases expiring respectively July 31, 1972 and April 30, 1978. Petitioner applied for certificates of eviction as to the controlled apartments to enable it to comply with demands upon it for dormitory space. The commercial uses are provided by the certificate of occupancy. The District Rent Director denied the application, and on protest the respondent affirmed the order. In his opinion and order respondent stated:
“ The Commissioner notes that landlord has not alleged that the tenancies under the commercial leases will terminate before the expiration dates indicated in the leases. The Commissioner notes that Section 59 of the Regulations requires that landlord ‘ withdraw occupied housing accommodations from both the housing and non-housing rental markets without any intent to rent or sell all or any part of the land structure. ’ The Commissioner finds that landlord cannot comply with the requirements.
“ * * * The Commissioner notes landlord’s allegation that the space now occupied under the commercial leases could not in any event be used for housing. The Commissioner again notes that Section 59 of the Regulations requires that landlord not rent or sell any part of the land or structure, and further notes that the space now occupied under the commercial leases could be used in connection with a dormitory, even if the area cannot be used for housing accommodations.”
*720 Section 59 of the Rent, Eviction and Rehabilitation Regulations provides:
“ a. A certificate shall be issued where the landlord establishes that he seeks in good faith permanently to withdraw occupied housing accommodations from both the housing and non-housing rental markets without any intent to rent or sell all or any part of the land or structure; and * * *
“ (3) where the landlord is a hospital, convent, asylum, public institution, college, school or any institution operated exclusively for charitable or educational purposes on a nonprofit basis, that the landlord requires the housing accommodations or the land for its own immediate use in connection with its charitable or educational purposes. * * * ” (Emphasis supplied.)
The question is whether the two store leases having several years to run preclude the petitioner from securing relief under section 59. That section relates to occupied housing accommodations. The purpose of the law in general is to preserve housing accommodations which petitioner intends to use under the special grant of power to recover possession in good faith for dormitory use. Of course, the commercial space could be converted to educational purposes as respondent suggests if the space were available, but that space is not occupied as housing accommodations. In any event, dealing solely with occupied housing accommodations under section 59 is not inconsistent with the purpose of the act. (Dezelle v. Weaver, N. Y. L. J., Aug. 27, 1957, p. 3, col. 7, Sup. Ct., N. Y. County, Stevens, J., now Presiding Justice, App. Div., 1st Dept.)
In Matter of Engle v. Weaver (11 Misc 2d 459, affd. 6 AD 2d 688) eviction was granted, although some amount of commercial space was left unaffected. Respondent furnishes the information that in Engle there were three commercial spaces with leases expiring in August, 1960 and July, 1964, and the petitioner there was endeavoring to persuade the commercial occupants to remove and advised the lessees that the leases would not be renewed. Upon eviction the express purpose was to devote that space to petitioner’s own use. The facts here in no way serve to distinguish this case from Matter of Engle (supra).
Respondent relies on Matter of Mercantile Enterprises v. Weaver (3 Misc 2d 989, affd. 3 A D 2d 932, affd. 4 N Y 2d 375). Reference is made there to section 59 of the State Rent and Eviction Regulations and section 59 (subd. a, par. [3]) of the Rent, Eviction and Rehabilitation Regulations was not involved.
*721 It is clear beyond doubt that petitioner desires all occupied housing accommodations exclusively for dormitory use on a nonprofit basis.
The motion is granted, the order under review is annulled and issuance of certificates of eviction directed.