■ In the Matter of WHITNEY MUSEUM OF AMERICAN ART, Appellant. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent; HILAIL GILDEN et al., Intervenors-Respondents.—Motion, insofar as it seeks leave to appeal to the Court of Appeals, denied as academic, and insofar as it seeks reargument the motion is granted, and upon reargument, the order of this court entered on November 5, 1987 (134 AD2d 973) is recalled and vacated, and a new order and the following memorandum decision substituted therefor.

Order and judgment (one paper) of the Supreme Court, New York County (Alfred Ascione, J.), entered March 24, 1987, which dismissed the museum's CPLR article 78 proceeding to annul an order of the respondent New York State Division of Housing and Community Renewal (DHCR) which had denied

the museum's applications for certificates of eviction for 10 rent-controlled apartments, is unanimously reversed, on the law, without costs and without disbursements, and the applications are remitted to the DHCR for further proceedings in accordance with this memorandum.

The Whitney Museum of American Art, located at 945 Madison Avenue in Manhattan, is a not-for-profit corporation organized for charitable and educational purposes. The museum owns five adjacent brownstone buildings which presently contain 10 rent-controlled and 2 rent-stabilized apartments. There are also four commercial tenants in the subject buildings. Two of those tenants have long-term commercial leases expiring in 1992 and 1994. The museum has obtained final judgments of possession against the other two commercial tenants, but they continue to occupy their spaces pursuant to stipulations staying execution of the warrants of eviction.

On May 24, 1985, the museum filed 10 applications with the respondent DHCR seeking certificates of eviction for the 10 rent-controlled apartments in order to use such space for nonresidential institutional purposes, pursuant to section 59 (a) (3) of the New York City Rent and Eviction Regulations (subsequently renumbered as 9 NYCRR 2204.9 [a] [3] in identical language, with minor changes in punctuation only). The regulation is promulgated pursuant to the New York City Rent and Rehabilitation Law (McKinney's Uncons Laws of NY [Administrative Code of City of New York, tit 26, ch 3] § 26-408 [j] [2], formerly Administrative Code § Y51-6.0 [j] [2]).

As here pertinent, 9 NYCRR 2204.9 provides as follows:

"Withdrawal of occupied housing accommodations from rental market.

"(a) A certificate shall be issued where the landlord establishes that he seeks in good faith permanently to withdraw occupied housing accommodations and nonhousing markets, without any intent to rent or sell all or any part of the land or structure, and:

"(1) that he requires the entire structure containing the housing accommodations or the land for his own immediate use in connection with a business which, at the time of the filing of the application for a certificate of eviction, he owns and operates in the immediate vicinity of the property in question * * *

"(3) where the landlord is a hospital, convent, asylum, public institution, college, school or any institution operated exclusively for charitable or educational purposes on a non-

profit basis, that the landlord requires the housing accommodations or the land, or any part thereof, for its own immediate use in connection with its charitable, religious or educational purposes, provided that no certificate shall be issued for purposes of withdrawing accommodations for the immediate and personal use and occupancy as housing accommodations by employees, students or members of its staff * * *

"(b) Where application is made pursuant to paragraphs (1) and (3) of subdivision (a) of this section, an order granting a certificate of eviction may only be issued on condition that the landlord comply with the relocation and stipend requirements of section 2204.4 of this Title."

In January 1986 the District Rent Administrator (DRA) inquired as to the museum's intentions regarding the commercial space. The museum responded that it intended to regain occupancy of the residential space before attempting to vacate and utilize the commercial space for fiscal reasons, and also because commercial storefront space on Madison Avenue was not suitable for the intended use as classroom, conference room, storage space and locker rooms with shower facilities. On February 13, 1986 the DRA issued an order denying the applications, without a hearing as to the museum's good-faith intention to utilize the rent-controlled apartments for its institutional purposes, on the ground that: "In contradiction of the requirements of 9 NYCRR 2204.9 (formerly section 59) the owner presently intends to continue to rent a part of the subject buildings for non-residential purposes."

On March 19, 1986 the museum filed a petition for administrative review (PAR) with the DHCR challenging the DRA's order. On August 8, 1986 the DHCR denied the PAR on the ground that a grant of the museum's applications, while permitting continued rental of the commercial space, would circumvent the clear meaning of the words "without any intent to rent or sell all or any part of the land or structure".

The museum thereupon commenced an article 78 proceeding in the Supreme Court seeking judicial review of the DHCR's August 8, 1986 order. By order and judgment entered March 24, 1987 the I.A.S. court dismissed the petition on alternative grounds. First, the court held that the petition must be dismissed because the museum failed to join as parties respondents the six rent-controlled tenants who had declined to intervene in the proceeding after the DHCR had notified them of their right to do so. Several grounds are advanced by the museum to reverse this aspect of the order

and judgment, the merits of which we need not reach. It is sufficient to observe that in view of the DHCR's failure to make the requisite finding as to the museum's good faith, the most the court could have done in favor of the museum was to remit the proceeding to the agency for an administrative hearing on that issue, at which hearing the nonparty tenants would have the opportunity to appear, with counsel, and to submit evidence in support of their positions. Accordingly, those tenants were not indispensable parties to the article 78 proceeding under CPLR 1001.

Turning now to the principal issue presented on this appeal, we disagree with the I.A.S. court's alternative holding, which was also the basis for the DRA's denial of the museum's applications for certificates of eviction, and the DHCR's affirmance of that determination after administrative review, that the museum's continued rental of at least a portion of its commercial space violated the requirement of 9 NYCRR 2204.9 (a)—formerly section 59 (a) of the New York City Rent and Eviction Regulations—that the museum's intended withdrawal of the occupied housing accommodations be "without any intent to rent or sell all or any part of the land or structure".

Section 2204.9 (a) (1) requires a private landlord to establish that he "requires the *entire* structure containing the housing accommodations or the land for his own immediate use". (Emphasis supplied.) In clear contradistinction, section 2204.9 (a) (3) directs that a certificate of eviction be issued to a nonprofit institution when the institution establishes that it "requires the housing accommodations or the land, *or any part thereof,* for its own immediate use in connection with its charitable, religious or educational purposes" (emphasis supplied). Surely it would be absurd to construe the regulation so as to require the museum, or any landlord permitted under section 2204.9 (a) (3) to reclaim for its own immediate use a *part* of a building, to evict *all* the tenants in the building. In such circumstances, the words "without any intent to rent or sell all or any part of the land or structure" can only be rationally construed to apply to that portion of the land or structure that the institutional landlord seeks to reclaim for its own immediate use.

As applied to the instant case, the museum would thereby be prohibited from seeking certificates of eviction for the 10 rent-controlled apartments here at issue, with the intent to rent or sell all or any part of those rent-controlled apartments. This result is essentially consistent with the Omnibus

Housing Act (L 1983, ch 403) which amended the Rent Stabilization Law of 1969 (RSL) as it applies to not-for-profit institutions which seek recovery of rent-stabilized apartments for use in connection with their charitable and educational purposes. *(See,* RSL [Administrative Code] § 26-511 [9] [c] [ii], as amended; Rent Stabilization Code [9 NYCRR] § 2524.4 [b] [1] [ii], as rev.)

It is significant to observe that the words "or any part thereof" were added to section 59 (a) (3) of the New York City Rent and Eviction Regulations by Amendment No. 30 of 1971 (eff Mar. 5, 1971) after the decision in *New York Univ. v Reichman* (63 Misc 2d 718 [1970], *affd* 36 AD2d 715), which is in accord with our determination in this appeal. The cases cited by the I.A.S. court to support its conclusion either antedated the amendment to section 59 (a) (3), or did not involve an institution, such as the museum herein, which was seeking to reclaim for its institutional use a part of the subject building.

Accordingly, the order and judgment below dismissing the article 78 proceeding must be reversed, and the applications remitted to the DHCR for a hearing as to the museum's good-faith intention to withdraw the subject housing accommodations for its own immediate use in connection with its educational purposes. Concur—Sandler, J. P., Sullivan, Ellerin and Smith, JJ.